IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02211-TPO

H.E.P.,

Petitioner,

v.

JUAN BALTAZAR,
Warden of Denver Contract Detention Facility;
GEORGE VALDEZ,
Acting Field Office Director, Denver Field Office,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary, Department of Homeland Security; and
TODD BLANCHE,
Acting U.S. Attorney General,

in their official capacities,

Respondents.

---

**MINUTE ORDER**[1]

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on September 24, 2026.**

This matter comes before the Court upon the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 1]. Based on the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Santillan Quiroz*, the Petitioner is detained pursuant to 8 U.S.C § 1226(a), and habeas relief is warranted.

Petitioner has been detained by immigration authorities since January 30, 2025, following his arrest for a crime of domestic violence. ECF 1 ¶ 27. On January 1, 2026, an Immigration Judge granted Petitioner's application for asylum. *See* ECF 1 ¶ 1; 17 at 1. On May 1, 2026, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 1].

---

[1] Chief U.S. District Judge Daniel D. Domenico referred this matter to the undersigned U.S. Magistrate Judge for final disposition upon the Parties' unanimous consent to Magistrate Judge jurisdiction. *See* ECFs 11, 12.

This Court agrees with Petitioner that 8 U.S.C. § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2). The Respondents shall conduct the appropriate bond hearing **within three business days of the date of this Order, by September 28, 2026**. At that hearing, the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence based on potential dangerousness or flight risk. *Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159-60 (D. Colo. 2026) (ordering a bond hearing in which "the Government shall bear the burden to justify Petitioner's continued detention by clear and convincing evidence."). Should the Immigration Judge not conduct a detention hearing consistent with this Court's ruling, the Court would expect Petitioner to file a Motion to Enforce, which the Court will taken up on an expedited basis.

For these reasons, the Court **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 1] is **granted**;

2. **Within three days of this Order, by 5:00 p.m. on September 29, 2026, Respondents shall conduct a bond hearing in which the Government shall bear the burden to justify Petitioner's continued detention by clear and convincing evidence.**;

3. Petitioner's Unopposed Motion for Leave to Proceed Under Pseudonym [ECF 2] is **granted**, and the Clerk of Court is **directed** to maintain documents in this matter under Level 1 restriction until further Order of the Court. Additionally, all filings shall continue to refer to Petitioner's initials, H.E.P.;

4. The Motion to Withdraw as Counsel [ECF 14] is **granted**, and Mr. Kevin Hirst is permitted to withdraw as counsel of record for Petitioner. The Clerk of Court is **directed** to terminate him from this case and turn off notifications;

5. Petitioner's Motion for Status Conference [ECF 18] is **denied as moot**;

6. Petitioner's Motion for Preliminary Injunction [ECF 21] is **denied as moot**; and

7. By **September 30, 2026**, the Parties shall file a Joint Status Report certifying compliance with this Order.